**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA AUGUSTA DIVISION**

| | | |
|---|---|---|
| ANGEL BULLOCK, | * | |
| Plaintiff, | * | |
| v. | * | CV 125-215 |
| WAL-MART STORES EAST, LP, et al., | * | |
| Defendants. | * | |

**O R D E R**

Presently before the Court is Plaintiff's motion to remand. (Doc. 9.) For the following reasons, Plaintiff's motion is **DENIED.**

**I. BACKGROUND**

On June 25, 2025, Plaintiff filed suit in the State Court of Richmond County, Georgia, asserting two claims for negligence under a theory of premises liability against Defendants. (Doc. 1-1, at 4-8.) On August 13, 2023 (the "Incident Date"), Plaintiff "slipped and fell due to what appeared to be a substance on the floor which caused [her] to be injured," while at Wal-Mart Stores, East L.P. ("Walmart"), located at 3209 Dean's Bridge Road, Augusta, Georgia 30906 (the "Premises"). (Id. at 3.) Plaintiff states Defendant Walmart owned, operated, and managed the Premises when she fell; Defendant Askew was the store manager that oversaw the

Premises on the Incident Date; and she "was lawfully on the Premises as an invitee" when she fell. (Id.) Plaintiff argues Defendants breached their duty to Plaintiff as an invitee by failing to exercise reasonable care to protect her from foreseeable risks of harm. (Id. at 5.) This duty of care includes: "[i]nspecting the Premises for hazardous conditions . . . that posed a slip / trip hazard or risk; [] [d]etecting, removing, or otherwise remedying hazardous conditions . . . and [] [a]dequately warning invitees about specific hazards on the Premises." (Id. at 7.) Plaintiff also argues Defendants failed to maintain a safety procedure to protect customers from slip and falls; their safety program was inadequate to protect customers from the foreseeable risk of injury due to falls; they failed to comply with and enforce its inspection procedures; they did not train their employees to properly implement their safety program; they failed to supervise their employees; and they failed to warn Plaintiff of the foreseeable risk of falls. (Id. at 5-6.)

Plaintiff states "[a]s the direct and proximate result of Defendants' negligence, Plaintiff suffered severe bodily injury; pain and suffering; expenses of medical care, diagnosis, and treatment; aggravation of a pre-existing condition; loss of consortium; lost capacity for the enjoyment of life; [and] lost ability to work," and has incurred approximately $228,259.83 in related medical treatment. (Id. at 4.) Additionally, her economic

and non-economic damages will continue. (Id.) Plaintiff requests she "recover all damages allowable and recoverable under applicable law," "general and special damages," and "be granted attorney's fees and costs of litigation," as well as other relief the Court deems proper. (Id. at 9.)

On September 17, 2025, Defendants filed a notice of removal pursuant to 28 U.S.C. §§ 1332 and 1441. (Doc. 1, at 5.) On October 17, 2025, Plaintiff moved to remand, and Defendants responded on October 31, 2025. (Docs. 9, 14.) The motion is now ripe for the Court's review.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (internal citations omitted). As such, a defendant may only remove an action from state court if the federal court would possess original jurisdiction over the subject matter. 28 U.S.C. § 1441(a). Federal district courts have jurisdiction over all civil actions: (1) "arising under the Constitution, laws, or treaties of the United States"; and (2) "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. §§ 1331, 1332.

On a motion to remand, the burden of establishing federal jurisdiction is placed upon the party seeking removal. Williams v. Best Buy Co., 269 F.3d 1216, 1319 (11th Cir. 2001). Removal jurisdiction is construed narrowly with all doubts resolved in favor of remand. Mann v. Unum Life Ins. Co. of Am., 505 F. App'x 854, 856 (11th Cir. 2013) ("[W]e strictly construe removal statutes, resolving all doubts in favor of remand."). In evaluating a motion to remand, the federal court makes its "determinations based on the plaintiff's pleadings at the time of removal; but the court may consider affidavits and deposition transcripts submitted by the parties." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997).

## III. DISCUSSION

Plaintiff argues the Court does not have subject matter jurisdiction due to a lack of complete diversity. (Doc. 9, at 1.) Defendants argue there is complete diversity of citizenship between Plaintiff and Defendants, so removal was proper. (Doc. 14, at 1.) Defendants argue Plaintiff is a citizen of Georgia, Walmart is a Delaware limited partnership with its principal place of business in Arkansas, Defendant Askew is a Georgia resident that was fraudulently joined, and the citizenships of John Does #1-3 are disregarded to determine jurisdiction. (Doc. 1, at 2-4.)

Federal courts are courts of limited jurisdiction, and they must remand a case removed on diversity grounds when the parties lack complete diversity or when one of the named defendants is a citizen of the state in which the suit is filed. 28 U.S.C. § 1441(b). Courts can retain jurisdiction and "ignore the presence of [a] non-diverse defendant" when the plaintiff fraudulently joined that defendant to defeat federal diversity jurisdiction. Stillwell v. Allstate Ins., 663 F.3d 1329, 1332 (11th Cir. 2011) (citation omitted). To show fraudulent joinder,

> the removing party has the burden of proving by clear and convincing evidence that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.

Id. (quotations and citation omitted and alterations adopted).

In deciding a motion to remand, "federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997) (citation omitted). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superseded by statute on other grounds as stated in* Stillwell, 663 F.3d at 1334-35.

To analyze a fraudulent joinder claim, "th[e] Court must necessarily look to the pleading standards applicable in state court, not the plausibility pleading standards prevailing in federal court." McKenzie v. King Am. Finishing, Inc., No. 612-cv-065, 2012 WL 5473498, at *3 (S.D. Ga. Nov. 9, 2012) (quotations omitted) (quoting Stillwell, 663 F.3d at 1334). Georgia requires only notice pleading. See O.C.G.A. § 9-11-8. "[I]t is immaterial whether a pleading states conclusions or facts as long as fair notice is given, and the statement of claim is short and plain." Carley v. Lewis, 472 S.E.2d 109, 110-11 (Ga. Ct. App. 1996) (citation omitted).

**A. Claims Against Defendant Askew**

Plaintiff argues "Defendant Askew is a Manager of Wal-Mart Store #1293" and was a Georgia resident "both at the time of filing and the time of removal." (Doc. 9, at 4.) Additionally, Plaintiff argues "a store manager can be named as a party to a lawsuit where they are individually negligent within [his or her] role." (Id. at 5.) Defendants argue "Askew's undisputed declaration [] establishes that he was not an 'owner' or 'occupier' of the Store within the meaning of O.C.G.A. § 51-3-1." (Doc. 14, at 2.) Further, Defendants argue Defendant Askew was not employed at the Store on August 13, 2023, had not been employed at that location since 2020, and was employed at Walmart Store #4144 located at 3338 Wrightsboro Road, Augusta, Georgia 30909 on the Incident Date.

(Id.) As such, Defendants argue Plaintiff cannot maintain a cause of action against Defendant Askew, and he was fraudulently joined to defeat the Court's jurisdiction. (Id.) The Court analyzes each of Plaintiff's claims in turn.

1. Premises Liability

Georgia's premises liability law is codified at O.C.G.A. § 51-3-1. The duty of care is limited to "an owner or occupier of land," and Georgia courts routinely recognize that these duties are nondelegable. O.C.G.A. § 51-3-1; see, e.g., Fairview Park, Ltd. P'ship v. Roddenberry, 874 S.E.2d 408, 412 (Ga. Ct. App. 2022). Plaintiff provides no authority that a premises liability claim may proceed against an individual who was not present during an incident. Instead, she relies on a case where a store manager was dismissed because "there [was] no evidence of [the manager's] individual negligence," and a negligence case where a store manager was never individually named as a defendant. (Doc. 9, at 5 (citing Walmart Stores E. L.P. v. Benson, 806 S.E.2d 25, 31 (Ga. Ct. App. 2017); Burke v. Bi-Lo, Inc., 441 S.E.2d 429, 430 (Ga. Ct. App. 1994)).) Defendant Askew's declaration, which Plaintiff does not dispute, states he was not an "owner" of the Store, nor was he present at the Store on August 13, 2023. (Doc. 1-3, at 2.) Further, Defendant Askew asserts he was not the manager of the Store, and he was not even employed by the Store on the Incident Date. (Id.) Aside from the fact that Defendant Askew is

undisputedly not an owner or occupier under § 51-3-1, courts have found there can be no personal liability for an employee who was absent from the store when the incident occurred. See Nix v. Wal-Mart Stores E., LP, 1:06-CV-3052, 2007 WL 9703188, at *2-3 (N.D. Ga. Apr. 4, 2007) (finding fraudulent joinder where the store manager was not working when the incident occurred); Glenn v. Wal-Mart Stores E., LP, No. 1:18-cv-1119, 2018 WL 11444732, at *2-3 (N.D. Ga. May 25, 2018). The facts here are even less favorable for Plaintiff given Askew's declaration that he was not only absent on the day in question, but he also had not been an employee of the Store since 2020. (Doc. 1-3, at 2.) Based on the above, the Court finds Plaintiff has no possible premises liability claim against Defendant Askew.

2. Negligent Training and Supervision

Next, Plaintiff asserts all "Defendants negligently failed to train their employees, contractors, agents and/or representatives to properly implement their safety program" under her premises liability claim. (Doc. 1-1, at 6.) Defendants argue Plaintiff fails to show she can recover against an employer's agent individually for potential negligence in training or supervising based on premises liability. (Doc. 14, at 13.)

The Georgia Supreme Court has found "claims for negligent [hiring and supervision] are based on the alleged negligent acts of the employer." Quynn v. Hulsey, 850 S.E.2d 725, 729 (Ga. 2020)

(citations omitted). Plaintiff has not shown she may bring a negligent hiring or supervision claim personally against an employee rather than an employer. Cf. Cobra 4 Enterprises v. Powell-Newman, 785 S.E.2d 556, 562 n.4 (Ga. Ct. App. 2016) (holding the plaintiff's negligent hiring and supervision claims failed as a matter of law because "there was no evidence [the defendant] was [the tortfeasor's] employer."). She also references Defendants collectively throughout both counts in her complaint, making it unclear which Defendants she considers employers, employees, or another category. (See Doc. 1-1, at 4-8.) Regardless, Defendant Askew's declaration directly contradicts Plaintiff's assertions, stating he was not present nor was an employee of the Store on the Incident Date. (Doc. 1-3, at 2.) As a result, the Court finds a negligent hiring or supervision claim cannot stand against Defendant Askew.

3. Vicarious Liability

Plaintiff also argues "Defendants are vicariously liable for the negligent acts and omissions of their employees, contractors, agents and representatives, committed during the course and scope of their employment and in furtherance of Defendants' business" under her premises liability claim. (Doc. 1-1, at 6.) Defendants argue Defendant Askew's declaration establishes he has not personally employed any employee at the Store and he has not been responsible for paying any employees. (Doc. 14, at 15.)

Therefore, Defendants argue under Georgia law, Defendant Askew cannot be found vicariously liable for tortious action or inaction by Defendant Walmart's employees. (Id.)

Under Georgia law, managers are not vicariously liable for tortious actions of their employees. O.C.G.A. § 10-6-85 ("for his own tortious act, whether acting by command of his principal or not, he shall be responsible; for the negligence of his underservant, employed by him in behalf of his principal, he shall not be responsible"). Further, the Northern District of Georgia has found "there can be no vicarious liability for [a store manager's] alleged negligence . . . where the plaintiff fell because [the store manager] was not even in the store to undertake such duties contemporaneous to the incident." Glenn, 2018 WL 11444732, at *3.

Plaintiff does not state what "negligent acts" Defendant Askew is allegedly vicariously liable for, but even assuming Plaintiff has a claim for the negligence of Walmart employees present at the Store at the time of the Incident, Askew was not present nor employed by the Store on that day. (Doc. 1-3, at 2.) As a result, he cannot be found vicariously liable for the negligence of other employees at a different store from his own.

Based on the above, the Court finds Defendant Askew was fraudulently joined because Plaintiff has "no possibility of stating a valid cause of action" against him. Glenn, 2018 WL

11444732, at *3. As a result, his citizenship is not considered in the diversity jurisdiction analysis. Stillwell, 663 F.3d at 1332.

**B. Citizenship of Defendant John Doe #1**

Plaintiff alleges "Defendant John Doe #1 was named and described as a proper party to this action," and he was a resident of Georgia at the time of filing and time of removal. (Doc. 9, at 4-5.) When determining whether an action is removable based on diversity, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). As such, the Court does not consider the citizenship of Defendant John Doe #1 in determining whether complete diversity of citizenship exists. Therefore, the Defendants considered for diversity jurisdiction purposes are Defendants Walmart and Askew.

Based on the above, the Court finds Defendant Askew was fraudulently joined and the citizenship of Defendant John Doe #1 is immaterial. Therefore, only the citizenship of Defendant Walmart, a Delaware corporation with its principal place of business in Arkansas, is considered for determining diversity. (Doc. 1, at 2.) There is complete diversity among Plaintiff, a Georgia resident, and Defendant Walmart, so Plaintiff's motion to remand (Doc. 9) is **DENIED.**

## IV. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's motion to remand (Doc. 9) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 13th day of August, 2026.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA